IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JODIE COLLINS III,<br>*Plaintiff* | §<br>§<br>§ | |
| -vs- | §<br>§ | SA-24-CV-01074-XR |
| M&T BANK, TRUSTEE CORPS,<br>*Defendants* | §<br>§<br>§ | |

## ORDER GRANTING MOTION TO DISMISS

On this date, the Court considered Defendants' motion to dismiss (ECF No. 23) and Plaintiff's motion for summary judgment (ECF No. 22). After careful consideration, the Court issues the following order.

## BACKGROUND

Proceeding *pro se*, Plaintiff Jodie Collins III ("Collins") initiated this action in state court against Defendants M&T Bank and Trustee Corp on August 28, 2024, seeking to enjoin a foreclosure sale of the real property located at 6706 Crest Pl, Live Oak, Texas 78233 (the "Property") scheduled for September 3, 2024. *See* ECF No. 1 at 6–7. Collins did not identify any cause of action in support of his request for injunctive relief. Still, the next day, the state court issued a temporary restraining order enjoining the foreclosure sale. *See id.* at 14–15. Thereafter, Defendants removed the case to this Court based on federal diversity jurisdiction. *See id.* at 2.

The Court later permitted Collins to file an amended complaint, alleging claims for breach of contract, the Truth in Lending Act ("TILA"), the Fair Debt Collection Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA"), the Texas Deceptive Trade Practices Act ("DTPA"), and the Texas Finance Code. *See* ECF No. 21.

Collins appears to allege that he attempted to submit payment for the outstanding mortgage loan amount in the form of a "bill of exchange" and that Defendants improperly rejected this allegedly valid "negotiable instrument." Collins contends that the "bill of exchange" presented is an equivalent to money that Defendants were required to accept. *See id.* at 1–3.

Collins attached several documents to his amended pleading, including emails "submitt[ing] a Durable Power of Attorney" and "a Tender of Payment" to Defendants, along with a document purporting to appoint Collins as his own attorney-in-fact and a "Notice of Claim to Interest." *See id.* at 6–15. Aside from the "Tender of Payment" email, none of these documents appear to bear any relationship to the claims identified in the operative pleading.

On March 12, 2025, Collins moved for summary judgment on his breach-of-contract and consumer-protection claims, attaching as exhibits, inter alia, a copy of his "bill of exchange" and correspondence with M&T Bank concerning the bill of exchange and other documents he submitted to the Bank. *See* ECF No. 22; ECF No. 21-1. The "bills of exchange" appears to be remittance slips with language stating "Accepted for Deposit, Pay on Demand, and Pay to Bearer" for the amounts of $206,686, $233,000, and $213,842.07, but none of them includes a copy of a money order or check or any other form of payment. *See* ECF No. 21-1 at 5, 6, 13.

On April 2, 2025, Defendants moved to dismiss Collins's claims under Rule 12(b)(6) for failure to state a claim on which relief can be granted. ECF No. 23; *see also* ECF No. 25 (Collins's response); ECF No. 26 (Defendants' reply).[1]

---

[1] The Court considers the documents attached to Collins's motion for summary judgment in evaluating Defendants' motion to dismiss because Collins incorporated those documents by reference into his amended complaint. *See* ECF No. 24 (incorporating summary judgment exhibits by reference into the amended complaint); *Gomez v. Galman*, 18 F.4th 769, 775 (5th Cir. 2021).

## DISCUSSION[2]

### I.      Motion to Dismiss

####    A. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted causes of action. *Id.*; *Twombly*, 550 U.S. at 563 n.8. Thus, to warrant dismissal under Rule 12(b)(6), a complaint must, on its face, show a bar to relief or demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." FED. R. CIV. P. 12(b)(6); *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a

---

[2] The Court notes that Plaintiff is proceeding *pro se* in this case. When reviewing a *pro se* plaintiff's complaint, the Court must construe the allegations liberally, holding the *pro se* to less stringent pleading standards than those applicable to lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, a party's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Ferguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Likewise, while courts "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with [federal procedural rules]." *U.S. Bank Nat'l Ass'n v. Johnson*, No. 1:15-CV-788-RP, 2017 WL 598499, at *2 (W.D. Tex. Feb. 14, 2017) (quoting *Grant v. Cuellar*, 59 F.3d 524, 524 (5th Cir. 1995). "The notice afforded by the Rules of Civil Procedure and the local rules" is "'sufficient' to advise a *pro se* party of their burden [on] summary judgment[.]" *Johnson*, 2017 WL 598499, at *2 (citing *Martin v. Harrison Cnty. Jail*, 975 F.2d 192, 193 (5th Cir. 1992)). Likewise, "*pro se* status does not exempt [a litigant] from the usual evidentiary requirements of summary judgment." *Id.* (citing *Ellis v. Principi*, 246 F. App'x 867, 869 (5th Cir. Sept. 5, 2007) (per curiam)).

lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.*, 9 F. Supp.2d 734, 737–38 (S.D. Tex. 1998). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999); *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996).

In considering a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Ass'n.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the Court should neither "strain to find inferences favorable to the plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

### B. Analysis

Collins has apparently advanced his "bill of exchange" theory in numerous cases in the San Antonio Division of the Western District of Texas seeking to discharge various debts, some of which remain pending. *See Collins v. Westlake Fin. Servs.* [the "*Westlake* Action"], No. 5:25-cv-21-JKP-RBF, ECF No. 1 (W.D. Tex. Jan. 6, 2025) (debt for purchase of vehicle); *Collins v. North Park Lexus of San Antonio*, No. 5:24-cv-1409-JKP-RBF, ECF No. 1 (W.D. Tex. Dec. 12, 2024)

(debt for purchase of vehicle); *Collins v. Chase Bank, N.A.*, 5:25-cv-89-XR, ECF No. 1 (W.D. Tex. Jan. 23, 2025) (debt for purchase of vehicle); *Collins v. Am. Auto Brokers*, No. 5:25-cv-253-XR, ECF No. 1 (W.D. Tex. Mar. 7, 2025) (debt for purchase of vehicle).

As Judge Pulliam explained in his order dismissing the *Westlake* Action:

> United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender for all debts, public charges, taxes, and dues." 31 U.S.C. § 5103. A "bill of exchange", or an "endorsed bill", created by a private citizen cannot be used as legal tender in the United States. *Chavis v. T-Mobile US, Inc.*, No. 23-CV-1513, 2024 WL 150734, at *4 and n.2 (W.D. Tex. Jan. 11, 2024). Because an "endorsed bill" or "bill of exchange" is not legal tender, a plaintiff cannot satisfy his obligations under loan or credit agreement by submitting it as payment for the debt. *Id.* . . .
>
> Collins cannot satisfy his payment obligation under the parties' presumed credit agreement by submitting a "bill of exchange" as payment. For this reason, as alleged, Collins cannot state a plausible cause of action for breach of contract and would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the Amended Complaint.

*Collins v. Westlake Fin. Servs.*, No. SA-25-CV-00021-JKP, 2025 WL 756205, at *2 (W.D. Tex. Mar. 10, 2025), *reconsideration denied*, 2025 WL 890787 (W.D. Tex. Mar. 12, 2025) (citations omitted).

Because all of Collins's causes of action are premised on a valid tender of payment, the Court need not address them individually. The "bill of exchange" that Collins submitted to Defendants did not constitute legal tender. He has thus failed to state a claim upon which relief can be granted under any theory of liability. *Frith*, 9 F. Supp.2d at 737–38 (dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory").

For the reasons stated herein and otherwise stated in Defendants' motion, the motion to dismiss Collins's claims with prejudice (ECF No. 23) is **GRANTED**.

## II.     Motion for Summary Judgment

In light of the Court's dismissal of all Clark's claims with prejudice, his affirmative motion for summary judgment (ECF No. 22) is **DENIED AS MOOT**.

## CONCLUSION

Defendants' motion to dismiss (ECF No. 23) is **GRANTED**, and Plaintiff's motion for summary judgment (ECF No. 22) is **DENIED AS MOOT**. A final judgment will issue pursuant to Rule 58.

Finally, a word of caution. The Court cannot discern the source of Plaintiff's mistaken belief that his "bills of exchange" constitute legal tender in the United States, but it seems that he received bad advice at some point during his recent financial difficulties.

Still, a district court may sanction a party, including a *pro se* litigant, under Rule 11 if it finds that the litigant filed a pleading for an improper purpose or that the pleading was frivolous. *See* FED. R. CIV. P. 11(b) and (c); *Whittington v. Lynaugh*, 842 F.2d 818, 820–21 (5th Cir. 1988). In addition to the Rules, federal courts have inherent power to sanction abusive litigation practices "to protect the efficient and orderly administration of justice and . . . to command respect for [their] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Within this inherent authority is the ability to issue a pre-filing injunction to deter vexatious filings with the court. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008).

Plaintiff is **WARNED** that abuses of the litigation process **may result in sanctions**, up to an including monetary sanctions payable to the court and the prohibition of filing future cases *in forma pauperis* except by leave of court.

The Clerk is **DIRECTED** to mail a copy of this Order to Jodie Collins III at 6706 Crest Place, Live Oak, TX 78233.

It is so **ORDERED**.

**SIGNED** this 22nd day of April, 2025.

                                                            XAVIER RODRIGUEZ
                                                            UNITED STATES DISTRICT JUDGE